## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**EDWARD JONES**                                    **PLAINTIFF**

v.                          **No. 4:22-cv-1239-DPM**

**DIANE BOWMAN**                                    **DEFENDANT**

### ORDER

1.     Jones's application to proceed *in forma pauperis*, *Doc. 1*, is granted.  He reports living on disability income.

2.     The Court must screen Jones's complaint. 28 U.S.C. § 1915(e)(2).  After the Circuit Court of Lee County dismissed his civil case, Jones faxed a timely notice of appeal to the circuit clerk there for filing.  He got the confirmation page showing that his faxed notice was received.  The Arkansas Rules of Civil Procedure obligate the clerk to file papers received by fax and authorize a $1.00 per page charge.  Ark. R. Civ. P. 5(c)(3).  At some later point, Jones contacted the circuit clerk's office.  A deputy clerk told him that his notice of appeal had not been received.  He traveled to the circuit clerk's office and presented the fax transmission sheet. By then, Jones's thirty-day period to appeal had expired.  The clerk (or a deputy) would not acknowledge a mistake about the fax or file his notice of appeal as of the date of his fax.  Instead, the notice was filed on the date he went to Lee County.

Jones has sued the circuit clerk here, alleging denial of access to the courts.

Jones's complaint fails to state an actionable federal claim. Accepting the pleaded facts as true, the circuit clerk mishandled the faxed notice of appeal. But, a mistake in following state rules does not necessarily give rise to a claim under the Due Process Clause. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 202, 109 S.Ct. 998, 1006-07, 103 L.Ed.2d 249 (1989). People must have access to their courts. Jones did. No intentional denial of court access during Jones's thirty days to appeal is alleged. Under settled Arkansas law, it is the duty of the *pro se* litigant or the lawyer, "not the judge, the clerk, or court reporter to perfect an appeal." *Mosby v. Office of Professional Conduct*, 356 Ark. 500, 501, 156 S.W.3d 253, 254 (2004). And a timely notice of appeal is a jurisdictional requirement. *In re Estate of Stinnett*, 2011 Ark. 278, at 2, 383 S.W.3d 357, 359. Jones had approximately two weeks after he faxed his notice to confirm that the clerk had *filed* it—the key event for perfecting his appeal. Ark. R. App. P.–Civ. 4(a). He says though, that he did not follow up with the circuit court clerk until approximately one month after his fax. Arkansas precedent is clear that these facts do not support allowing him to pursue his appeal. *E.g.*, *Wandrey v. Etchison*, 363 Ark. 36, 210 S.W.3d 892 (2005). This Court likewise holds he has failed to allege facts that state a claim for denial of access to the Arkansas courts under the Due Process Clause.

- 2 -

So Ordered.

_D.P. Marshall Jr._
United States District Judge

3 February 2023